# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| GREGORY M. & DUSTINE REAGAN, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-00043 |
| | § | |
| U.S. BANK, NATIONAL ASSOCIATION, AS | § | |
| TRUSTEE FOR CREDIT SUISSE FIRST | § | |
| BOSTON 2005-8, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before the court is a motion to dismiss (Dkt. 2) filed by defendant U.S. Bank, National Association, as Trustee for Credit Suisse First Boston 2005-8 ("U.S. Bank"). Plaintiff has not responded to the motion. Under the Local Rules of the Southern District of Texas, U.S. Bank's motion will therefore be treated as unopposed. S.D. TEX. LOC. R. 7.4. After reviewing the motion, complaint, and applicable law, the court finds that the motion should be **GRANTED**.

## A.    Background

On June 10, 2010, plaintiffs Gregory M. and Dustine Reagan (collectively, the "plaintiffs") filed a lawsuit against U.S. Bank in the 240th Judicial District Court of Harris County, Texas (the "previous lawsuit"). Dkt. 2 at 2. U.S. Bank removed the previous lawsuit to this court on July 12, 2010. *Id.* Plaintiffs amended their petition and added Wells Fargo Home Mortgage ("Wells Fargo") as a defendant on November 12, 2010. *Id.* Plaintiffs asserted various tort and contract causes of action against U.S. Bank and Wells Fargo in the previous lawsuit, all related to the pending foreclosure of a home equity loan secured by their homestead and primary residence in Sugar Land, Texas. *Id.* at 3. U.S. Bank and Wells Fargo moved for summary judgment, and the court granted

defendants' motion, dismissed plaintiffs' claims, and issued an order of foreclosure and final judgment against the plaintiffs. *Id.*

On December 12, 2012, plaintiffs filed the current lawsuit in the 400th Judicial District Court of Harris County, Texas. *See id.* at 2. Plaintiffs' claims and factual allegations supporting the claims are substantively identical to those raised in the previous lawsuit. *Compare* Dkt. 2, Ex. C (Plaintiffs' First Amended Petition in the previous lawsuit) *with* Dkt. 2, Ex. D (Plaintiffs' Original Petition in the current lawsuit). On January 7, 2013, U.S. Bank removed the current lawsuit to this court. Dkt. 1 (Notice of Removal). On January 14, 2013, U.S. Bank moved to dismiss this case, arguing that the doctrine of *res judicata* bars plaintiffs' claims in the current lawsuit, as they have already been adjudicated in the previous lawsuit. Dkt. 2 at 1. Plaintiffs did not respond to U.S. Bank's motion to dismiss, and the motion is ripe for decision.

**B.    Analysis**

*1.    Legal Standard*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal quotation marks, citation, and footnote omitted). Moreover, although the court generally considers a motion to dismiss for failure to state a claim based on the face of the complaint, the court may also take notice of matters of public record when

2

considering a 12(b)(6) motion. *Wang v. Prudential Ins. Co. of Am.*, 439 F. App'x 359, 363 (5th Cir. 2011) (holding that the district court "did not impermissibly consider documents outside of the record in deciding the motion to dismiss, as the documents referred to were public court filings"); *see also Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record.").

Although the court generally does not entertain a Rule 12(b)(6) challenge to the pleadings based on principles of *res judicata*, dismissal is proper when the plaintiffs' pleading conclusively establishes the affirmative defense. *See Larter & Sons v. Dinkler Hotels Co.*, 199 F.2d 854, 855 (5th Cir. 1952). Plaintiffs have not challenged this court's power to hear U.S. Bank's *res judicata* defense on a motion to dismiss, and the court will entertain U.S. Bank's motion and consider the current lawsuit's original complaint in light of the previous lawsuit's first amended petition, a public court record.

2.    *The Law of Res Judicata*

Under the law of the Fifth Circuit, "[c]laim preclusion, or 'pure' *res judicata*, is the 'venerable legal canon' that insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004) (quoting *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994)). *Res judicata* prevents the re-litigation of a claim that has been finally adjudicated, insofar as it was brought, or could have been brought, in a previous proceeding. *In re Paige*, 610 F.3d 865, 870 (5th Cir. 2010). "Federal law determines the res judicata effect of a prior federal court judgment." *Robinson v. National Cash Register Co.*, 808 F.2d 1119, 1124 (5th Cir. 1987).

To establish a viable *res judicata* defense, a party must prove the following four elements: (1) the parties are identical or are in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Procter & Gamble*, 376 F.3d at 499. If the party asserting the defense proves all four elements, all claims arising from the "common nucleus of operative facts" are merged into the previous judgment and barred by *res judicata*. *Id.* (citing *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994)).

       3.    *Application of Law to Facts*

As to the second and third elements of the Fifth Circuit's test, this court rendered final judgment in the previous lawsuit in favor of U.S. Bank, and the case arose under the court's diversity jurisdiction. *See* Dkt. 2 at 5; *id.*, Ex. F (Final Judgment in previous lawsuit). Thus, this court was a court of competent jurisdiction that concluded the previous lawsuit with a final judgment on the merits.

The first element, the identity of the parties, is also satisfied here, as the plaintiffs and U.S. Bank were parties in the previous lawsuit. And while Wells Fargo was a defendant in the previous lawsuit but is not a party in the current lawsuit, that omission is irrelevant under a *res judicata* analysis. *See Carey v. Sub Sea Int'l, Inc.*, 121 F. Supp. 2d 1071, 1074 (E.D. Tex. 2000); *see also Dreyfus v. First Nat'l Bank of Chicago*, 424 F.2d 1171, 1175 (7th Cir. 1970) ("[I]t is no objection that the former action included parties not joined in the present action, or vice versa, so long as the judgment was rendered on the merits, the cause of action was the same and the party against whom the doctrine is asserted was a party to the former litigation.").

Lastly, the fourth element requires a showing of claim identity between the previous and current lawsuits. To evaluate this element, the court applies the transactional test of Section 24 of the Restatement (Second) of Judgments. *In re Paige*, 610 F.3d at 872; RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1982). Under the transactional test, the preclusive effect of a previous judgment bars the plaintiffs' re-litigation of any claim "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose." *Petro-Hunt, LLC v. United States*, 365 F.3d 385, 395–96 (5th Cir. 2004) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24(1)). "The critical issue under this determination is whether the two actions under consideration are based on 'the same nucleus of operative facts.'" *In re Intelogic Trace, Inc.*, 200 F.3d 382, 386 (5th Cir. 2000) (quoting *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990)).

Here, plaintiffs have asserted identical causes of action in the current lawsuit as they did in the previous lawsuit, namely for declaratory judgment, breach of contract, negligent misrepresentation, and deceptive trade practices. *Compare* Dkt. 2, Ex. C at 7–9 *with id.*, Ex. D at 7–9. Moreover, while plaintiffs included additional facts in their original petition in the current lawsuit, *id.*, Ex. D at 5–6 ¶¶ 10–16, these facts do not state a claim for relief separate and apart from the plaintiffs' causes of action that were asserted in the previous lawsuit. Plaintiffs' claims in the current lawsuit are thus part of the same nucleus of operative facts as those claims in the previous lawsuit, and U.S. Bank has provided sufficient evidence to establish the fourth element of its *res judicata* affirmative defense as a matter of law.

5

**C.**     **Conclusion**

U.S. Bank has conclusively demonstrated the four elements of its *res judicata* defense, and plaintiffs' claims in its original petition are barred.  U.S. Bank's motion to dismiss (Dkt. 2) is **GRANTED**, and plaintiffs' claims in their original petition are **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

Signed at Houston, Texas on February 12, 2013.

Gray H. Miller
United States District Judge

6