UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREGORY M. & DUSTINE REAGAN, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-43 |
| | § | |
| U.S. BANK, NATIONAL ASSOCIATION, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER**

Pending before the court are the following motions: (1) plaintiffs Gregory M. Reagan, Jr. and Dustine Reagan's (the "Reagans") motion to alter or amend judgment (Dkt. 13); (2) defendant U.S. Bank, National Association, as trustee for Credit Suisse First Boston 2005–08's ("U.S. Bank") motion for leave to file under seal (Dkt. 12); (3) U.S. Bank's motion for entry of protective order (Dkt. 10); and (4) U.S. Bank's motion for attorneys' fees and costs (Dkt. 11). After reviewing the Reagans' motion to alter or amend judgment, U.S. Bank's response, and the applicable law, the motion is **DENIED**. After reviewing U.S. Bank's motions,[1] accompanying exhibits, and the applicable law, the court **GRANTS** U.S. Bank's motion for leave to file under seal and motion for entry of protective order. Lastly, the court **GRANTS IN PART** and **DENIES IN PART** U.S. Bank's motion for attorneys' fees and costs, as set forth below.

**I. BACKGROUND**

On March 1, 2005, the Reagans executed a note ("the Note") in the principal amount of $358,500 for the purchase of a home in Sugar Land, Texas ("the property"). Dkt. 11 at 1. The Note

---

[1] The Reagans did not respond to any of U.S. Bank's pending motions.

was secured by a deed of trust (the "Deed of Trust") on the property. Dkt. 11 at 3. Subsequently, the Reagans defaulted on their obligations under the Note and the Deed of Trust. Dkt. 2 at 3.

On June 10, 2010, the Reagans filed a lawsuit to stop foreclosure, and U.S. Bank removed it to this court. Dkt. 2. On December 6, 2011, this court entered an amended final judgment in favor of U.S. Bank. *Id.* On December 12, 2012, plaintiffs filed a second lawsuit in the 400th Judicial District Court of Fort Bend County, Texas, for (1) violations of the Texas Constitution; (2) negligent misrepresentation; (3) breach of contract; and (4) violations of the Texas Deceptive Trade Practices Act. Dkt. 1. On January 7, 2013, U.S. Bank removed the second lawsuit to this court. *Id.* On January 14, 2013, U.S. Bank moved to dismiss this case based on the doctrine of *res judicata*. Dkt. 2. This court granted U.S. Bank's motion, dismissed the Reagans' claims with prejudice (Dkt. 7), and issued final judgment in favor of U.S. Bank on February 12, 2013. Dkt. 8.

On February 26, 2013, U.S. Bank filed a motion for attorneys' fees and costs, requesting recovery from the Reagans pursuant to Federal Rule of Civil Procedure 54(d)(1) and (2).[2] Dkt. 11. U.S. Bank seeks attorneys' fees in the amount of $5,490.80 and costs in the amount of $79.71, totaling $5,570.51. *Id*. The Reagans did not respond, and the motion is considered unopposed.[3]

On February 26, 2013, U.S. Bank also filed a bill of costs (Dkt. 9), a motion for protective order (Dkt. 10), and a motion for leave to file under seal (Dkt. 12). On March 11, 2013, the Reagans filed a motion to alter or amend this court's final judgment. Dkt. 13. U.S. Bank filed its response on April 2, 2013. Dkt. 14.

---

[2] A party seeking attorneys' fees must normally file a motion no later than fourteen days after entry of judgment, specifying the grounds entitling the moving party to the award of such fees and stating the amount or a fair estimate of the amount sought. *See* FED. R. CIV. P. 54(d)(2)(B).

[3] *See* S. D. TEX. L.R. 7.4 ("Failure to respond will be taken as a representation of no opposition.").

II. ANALYSIS

**1.     Alter or Amend Judgment**

After reviewing the Reagans' motion to alter or amend judgment (Dkt. 13) and U.S. Bank's response (Dkt. 14), the court finds that the motion should be **DENIED**. Rule 60(b) of the Federal Rules of Civil Procedure states that "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding, for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b). The Reagans, however, bear the burden to show a reason recognized under Rule 60 to alter or amend this court's final judgment, and they have failed to do so. *Bludworth Bond Shipyard, Inc v. M/V Caribbean Wind*, 841 F.2d 646, 649 n.7 (5th Cir. 1988). Accordingly, the motion to alter or amend judgment is **DENIED**.

**2.     Filing Under Seal**

After reviewing U.S. Bank's motion for leave to file under seal and the applicable law, the court finds that it has merit and should be **GRANTED**. Accordingly, U.S. Bank's motion for award of attorneys' fees and costs and brief in support, and the accompanying exhibits, will remain under seal.

**3.     Protective Order**

After reviewing U.S. Bank's motion for entry of protective order, the court finds that the motion has merit and should be **GRANTED**. Pursuant to Rule 502(d) of the Federal Rules of

Evidence, U.S. Bank's filing under seal of the unredacted attorneys' fees invoices attached to its motion for award of attorneys' fees and brief in support does not waive the attorney-client privilege, work-product doctrine, or any other applicable privilege or discovery protection. FED. R. EVID. 502(d). Further, U.S. Bank's filing of those unredacted attorneys' fees invoices under seal is not a waiver of any such privilege or protection in any other federal or state proceeding. *Id.* Accordingly, the motion is **GRANTED**.

**4.    Attorneys' Fees and Costs**

The court now turns to Federal Rule of Civil Procedure 54(d)(2), which provides the court's discretionary authority to award attorneys' fees and non-taxable costs. FED. R. CIV. P. 54(d)(2).

*A.    Legal Standard*

**1.    Attorneys' Fees**

Even after the entry of final judgment, a district court retains jurisdiction to determine attorneys' fees. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202-03, 108 S. Ct. 1717 (1988); *United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 764 (5th Cir. 1996); *see also Moody Nat'l Bank of Galveston v. GE Life & Annuity Assurance Co.*, 383 F.3d 249, 253 (5th Cir. 2004) (explaining that a motion for attorneys' fees is considered a collateral motion).

Under the traditional "American Rule," each side bears the costs of its own attorney, unless a statute or contract provides otherwise. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257, 95 S. CT. 1612 (1975); *Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 412 (5th Cir. 2006). Because this court's jurisdiction was premised on complete diversity of citizenship, the court will look to Texas state law in determining the merits of the fee request. *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) ("State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision"). Under Texas law,

a party may recover attorneys' fees when such recovery is provided for in a contract. *See In re Velazquez*, 660 F.3d 893, 895–96, 899–900 (5th Cir. 2011). Texas courts determine the reasonableness of attorneys' fees and related expenses by applying the eight *Andersen* factors. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). These factors are:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
>
> (2) the likelihood…that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Id.* "[E]vidence of each of the *Andersen* factors is not required to support an award of attorney's fees." *Arthur J. Gallagher & Co. v. Dieterich*, 270 S.W.3d 695, 706 (Tex. App.—Dallas 2008, no pet.). "The court can also look at the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties." *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 318 (Tex. App.—Dallas 2009, pet. denied).

### 2.     Costs

"The district court has broad discretion in determining the appropriateness of an award of attorneys' fees and costs." *Dickerson ex rel. Dickerson v. United States*, 280 F.3d 470, 478 (citing *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000)). Rule 54(d)(2)(A) controls costs awarded under

a contract and provides that "[a] claim for attorney's fees and related nontaxable expenses" must be made by motion. FED. R. CIV. P. 54(d)(2)(A); *Hancock v. Chi. Title Ins. Co*, 3:07-CV-1441-D, 2013 WL 2391500, at *13 (N.D. Tex. June 3, 2013).

### B.   *Analysis*

U.S. Bank argues that the Deed of Trust and the Note entitle it to collect reasonable and necessary expenses. Specifically, U.S. Bank argues that Section 9 of the Deed of Trust entitles it to "do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument," including specifically "paying reasonable attorneys' fees." Dkt. 11 at 3. U.S. Bank further argues that Section 6 of the Note requires the Reagans to pay back "all of its costs and expenses in enforcing this Note," and that "those expenses include, for example, reasonable attorneys' fees." Dkt. 11 at 2.

All of the requirements for the recovery of attorneys' fees and costs set out by Section 9 of the Deed of Trust have been satisfied. It is not in dispute that the Reagans were in default on their obligations under the Note and Deed of Trust. To prevent U.S. Bank from foreclosing on the property, the Reagans filed this lawsuit which could have affected U.S. Bank's lien on the Property. U.S. Bank is therefore entitled to recover reasonable and necessary attorneys' fees and costs that it incurred to defend this lawsuit.

### 1.   **Attorneys' Fees**

U.S. Bank seeks $5,490.80 in attorneys' fees, which it asserts are reasonable and necessary. Dkt. 11. It attaches a declaration of a partner on the case who indicates that the fees are consistent with the usual and customary fees charged in Houston for similar cases. *Id.*, Ex. 5. It also attaches invoices documenting the services performed, who performed them and at what hourly rate, when they were performed, and how much time the work required. *Id*. Locke Lord's hourly rate in this

case for partners ranges from $448.00 per hour to $564.00 per hour. *Id.* Its hourly rate for associates was $200.00 per hour, and its hourly rate for paralegals was $180.00 per hour. *Id.*

The court finds that the rates charged by Locke Lord are reasonable hourly rates as compared to attorneys with similar experience in a similar market. The court further finds that the number of hours expended are reasonable as compared to the time and labor required to perform similar legal services. The court also finds, however, that the time billed by partners was not necessary in this particular case and therefore awards attorneys' fees for associates and paralegals only. Accordingly, the court **GRANTS** U.S. Bank's attorneys' fees totaling $4,560.00.

**2.     Expenses.**

U.S. Bank's counsel has submitted invoices reflecting $79.71 in expenses, which include $8.28 for "copies," $52.00 for "certified copies," and $19.43 for "filing fees." Dkt. 11 at 5. The court finds that the invoices lack detail sufficient to determine whether the costs incurred were reasonable and necessary for the litigation. Accordingly, the court declines to award U.S. Bank its requested expenses.

### III. Conclusion

The Reagans' motion to alter or amend judgment (Dkt. 13) is **DENIED**. U.S. Bank's motion for leave to file under seal (Dkt. 12) is **GRANTED**. U.S. Bank's motion for entry of protective order (Dkt. 10) is **GRANTED**. For the foregoing reasons, U.S. Bank's motion for attorneys' fees and costs (Dkt. 11) is **GRANTED IN PART & DENIED IN PART**. It is further **ORDERED** that the Reagans pay U.S. Bank the reasonable and necessary attorneys' fees U.S. Bank incurred in defending this lawsuit, as determined by this court above, namely **$4,560.00**.

It is so **ORDERED**.

Signed at Houston, Texas on July 1, 2013.

_____
Gray H. Miller
United States District Judge